UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD GREENLEE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:13-CV-1922 (CEJ) |
| ) | |
| IAN WALLACE, ) | |
| ) | |
| Respondent. ) | |

# **MEMORANDUM AND ORDER**

Before the court is petitioner's motion to authorize discovery, pursuant to Rule 6 of the Rules Governing § 2254 cases, and Bracy v. Gramley, 520 U.S. 899 (1997). Respondent has filed an opposition to the motion.

Petitioner Richard Greenlee was convicted of first-degree statutory sodomy, in violation of Mo.Rev.Stat. § 566.062. After exhausting his state appellate and post-conviction remedies, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the present motion, he seeks authorization to conduct discovery with respect to five of the grounds he asserts in his petition.

## I. **Legal Standards**

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904, (1997). Instead, Rule 6(a) authorizes a judge "for good cause, [to] authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a), Rules Governing § 2254 Cases. Under Rule 6(b), the requesting party must provide reasons for the request. To establish good cause, a petitioner must make "specific allegations" that give a court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . .

entitled to relief." Newton v. Kemna, 354 F.3d 776, 783 (8th Cir. 2004) (quoting Bracy, 520 U.S. at 904 and 908-09). Rule 6's "good cause" standard requires a petitioner to at least attempt to identify what he expects to uncover through his discovery requests. Braden v. Bagley, No. 2:04-CV-842, 2007 WL 1026454, at *2 (S.D. Ohio Mar. 30, 2007). The court will not authorize a petitioner to engage in a "fishing expedition." Murphy v. Johnson, 205 F.3d 809, 814 (5th Cir. 2000) ("Simply put, Rule 6 does not authorize fishing expeditions.").

Petitioner must also satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214. The United States Supreme Court has made clear that, "[a]lthough state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so." Cullen v. Pinholster, 131 S. Ct. 1388, 1401 (2011). Provisions like §§ 2254(d)(1) and (e)(2) ensure that "[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." Id. (quoting Williams v. Taylor, 529 U.S. 420, 437 (2000)).

Pursuant to Pinholster, if a petitioner's claim has been adjudicated on the merits in state court such that his claim to relief is governed by 28 U.S.C. § 2254(d)(1), federal review of the claim is restricted to the factual record that was before the state courts and new evidence developed in federal court has no bearing on that review. Id. at 1400. "In other words, if the state . . . court adjudicated [petitioner's claims] on the merits, . . . 'good cause' does not exist" for discovery a petitioner seeks, because the federal courts may look only to the state court record in applying § 2254(d). Hurst v. Branker, No. 1:10CV725, 2011 WL 2149470, at *8 (M.D.N.C. June 1, 2011).

In the case of a prisoner who failed to develop the factual basis of his claim in state court, a federal court may not consider new evidence unless the petitioner meets the requirements of § 2254(e)(2). Pinholster, 131 S. Ct. at 1401.

Section 2254(e)(2) states:

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--

(A) the claim relies on--

    (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Although § 2254(e)(2) and Pinholster are directed to evidentiary hearings in habeas proceedings, courts have applied the same analysis to requests to take discovery and expand the record. See Worthington v. Roper, No. 4:05-CV-1102 CAS, 2008 WL 2952116, at *1-2 (E.D. Mo. July 28, 2008) (applying § 2254(e)(2) to request for discovery under Rule 6); see also Mark v. Ault, 498 F.3d 775, 778 (8th Cir. 2007) (petitioner seeking to expand the record under Rule 7 of § 2254 must meet the requirements of § 2254(e)(2)).

**II.  Discussion**

Whether addressed under the "good cause" standard of Rule 6 or § 2254, petitioner has failed to establish that he is entitled to the discovery he seeks.

    **A.  Discovery Regarding Radio Show**

Defense counsel moved to dismiss the charges based on the prosecutor's discussion about petitioner's case during a radio broadcast. Tr. at 6, 8. The trial court denied the motion to dismiss, ruling that the impact of the broadcast on the potential jurors would be addressed during voir dire. During voir dire, prospective jurors were questioned about their knowledge of the case. Tr. 31-34. Two stated that they had heard of the case (although not through the radio show) and both were struck for cause. Tr. 78-79.

Petitioner requests authorization to seek information regarding the specific content of the radio show, through recordings or other records, or witnesses with knowledge of the content. He asserts this evidence is necessary to support his claims for relief in Grounds 1 and 9 of the petition. In Ground 1, petitioner asserts that his rights to due process and trial by an impartial jury were violated by the trial court's failure to dismiss for prosecutorial misconduct. This claim was adjudicated on the merits by the state courts, and under § 2254(d)(1) the court's review is restricted to the record before the state courts. In Ground 9, petitioner asserts that trial counsel's failure to investigate evidence of the content of the radio program amounted to ineffective assistance of counsel. Petitioner did not raise this claim in post-conviction proceedings and so it was not adjudicated on the merits. It is not necessary to determine whether petitioner can meet the requirements of § 2254(e)(2), however, because he cites no evidence that the jurors heard and were biased by the prosecutor's comments on the radio show. In the absence of such evidence, discovery of the prosecutor's actual statements is irrelevant.

### B. Speedy Trial Violation

Petitioner was charged on May 21, 2007, and filed a speedy trial motion on June 5, 2007. His trial was originally set for December 12, 2007, but he moved for a

continuance, which the trial court granted.[1]  Resp. Ex. A at 7.  Petitioner's first trial on June 26, 2008 resulted in a hung jury, and a new trial was set for March 11 and 12, 2009.  Resp. Ex. A at 12.  On January 21, 2009, the trial court notified the parties of a scheduling conflict.  At a hearing on February 20, 2009, the trial court reset the trial for August 27, 2009.  Resp. Ex. A at 14.  That day, defense counsel filed a motion to dismiss based upon the State's failure to grant a speedy trial.  Resp. Ex. A at 41-43.  The trial court denied the motion.  Tr. at 13.

Petitioner seeks to discover medical records, jail records, or eyewitness accounts of beatings he received in jail while awaiting trial.  He asserts this evidence is necessary to establish the claims in Grounds 2 and 14 of the petition.  In Ground 2, petitioner asserts that the trial court violated his rights to due process and a speedy trial.  Again, this claim was adjudicated on the merits by the state courts, and under § 2254(d)(1), the court will not consider any evidence that was not before the state courts.  In Ground 14, petitioner asserts that trial counsel was ineffective for failing to present evidence that his pretrial custody was unduly harsh and his defense suffered as a result.  Trial counsel vigorously argued that petitioner was prejudiced by the delay in starting trial, including by being beaten, and the court was unpersuaded. (Tr. 9-14).  Petitioner has provided no basis for concluding that additional evidence regarding the details of the beatings would have altered the outcome of the speedy trial motion.

### C. DNA Testing

DNA testing was conducted of samples taken from the victim's underwear and vagina. "Male DNA" consistent with petitioner's was found in the samples.  Tr. 287.  Defense counsel moved for independent testing of DNA evidence, which the trial court

---

[1] Petitioner argued that he was forced to move for a continuance because the State repeatedly refused to produce exculpatory evidence.  Resp. A at 41-43.

granted. Resp. Ex. A at 9 (docket entries showing motion and order). However, petitioner lacked the funds to pay for the independent analysis and the testing was not done. He seeks authorization to conduct an independent analysis as part of the federal habeas proceeding to support his claim in Ground 15 that trial counsel was ineffective because he failed to seek additional funds from the court. Petitioner has not cited any basis for concluding that the court would have granted a motion for additional funds to conduct independent DNA analysis.

* * *

Based on the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion to authorize discovery [Doc. #16] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of February, 2015.